JL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Orlando J. Venegas Contreras, | No.    CV-26-01197-PHX-SPL (JFM) |
| Petitioner, | |
| v. | **ORDER** |
| Kristi Noem, et al., | |
| Respondents. | |

Pro se Petitioner Orlando J. Venegas Contreras, an immigration detainee who is confined in the Eloy Detention Center, has filed a Motion to Enforce Judgment (Doc. 12)

## I.    Procedural History

On February 19, 2026, Petitioner filed, through counsel, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his present immigration detention. In a February 26, 2026 Order, the Court granted the Petition and ordered Respondents to provide Petitioner with a bond redetermination hearing or release him from custody under the same conditions that existed before his detention. The Clerk of Court entered Judgment the same day and closed this case. On March 3, 2026, Respondents filed a Notice of Compliance stating that Petitioner had received a bond redetermination hearing that day.

## II.    Petitioner's Motion

In his Motion, Petitioner states that at the March 3, 2026 bond hearing, the Immigration Judge (IJ) denied bond, finding that Petitioner had failed to demonstrate that

he was not a flight risk. Petitioner contends the bond hearing "failed to meaningfully comply with the spirit and purpose" of the Court's February 26, 2026 Order and "resulted in continued unlawful detention despite this Court's findings concerning the nature of Petitioner's custody." Specifically, Petitioner asserts that bond was denied although he has "significant equities supporting release, including compliance with immigration proceedings, community ties, and [an] absence of evidence demonstrating that he poses a danger to the community." According to Petitioner, the IJ's denial of bond "effectively nullifies the relief granted by this Court and perpetuates the same prolonged detention that formed the basis of the habeas petition." Petitioner asks the Court to enforce the February 26, 2026 Judgment and order Respondents to immediately release him from custody under appropriate conditions of supervision, or, alternatively, order a new, constitutionally adequate bond hearing.

An Immigration Judge's discretionary bond determination is typically not reviewable in federal court. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."); *see also Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) ("[D]iscretionary decisions granting or denying bond are not subject to judicial review.") (citing 8 U.S.C. § 1226(e)). Accordingly, where a habeas petitioner "asks the Court to second-guess the IJ's weighing of the evidence, that claim is directed solely to the IJ's discretion and is unreviewable." *Sales v. Johnson*, 323 F. Supp. 3d 1131, 1138-39 (N.D. Cal. 2017). And although § 1226(e) does not bar courts from concluding "[t]he evidence before the IJ failed, as a matter of law, to prove flight risk or danger," *Judulang v. Chertoff*, 562 F. Supp. 2d 1119, 1127 (S.D. Cal. 2008), Petitioner has failed to demonstrate the Immigration Judge's decision was based on insufficient evidence or was otherwise constitutionally inadequate. Rather, Petitioner claims only that he was denied bond despite his "significant equities supporting release." Petitioner therefore asks this Court to second-guess the Immigration Judge's weighing of

evidence, which this Court may not do.

For the foregoing reasons, the Court will deny Petitioner's Motion to Enforce Judgment.

**IT IS ORDERED:**

(1)     Petitioner's Motion to Enforce Judgment (Doc. 12) is **denied without prejudice**.

(2)     This case must remain **closed**.

Dated this 21st day of May, 2026.

Honorable Steven P. Logan
United States District Judge